1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                           **DISTRICT OF NEVADA**

7

8    RONALD J. ALLISON,                          Case No. 2:21-cv-01769-JAD-NJK

             Plaintiff(s),
9                                                **REPORT AND RECOMMENDATION**

     v.
10

     SOCIAL SECURITY ADMINISTRATION,
11   et al.,

12            Defendant(s).

13           District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff

14   when he "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th

15   Cir. 1988).[1]  A complaint should be dismissed for failure to state a claim upon which relief may

16   be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his

17   claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

18   A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or

19   delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a

20   finding of factual frivolousness is appropriate when the facts alleged rise to the level of the

21   irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

22   contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a

23

24           [1] The Court has previously cautioned Plaintiff for repeatedly filing new civil cases without
     paying the filing fee or filing an application to proceed *in forma pauperis*.  *Allison v. Clark Cnty.*,
25   2021 U.S. Dist. Lexis 154723, at *2 (D. Nev. July 27, 2021).  Despite that warning, Plaintiff
     initiated this case without either paying the filing fee or filing an application to proceed *in forma*
26   *pauperis*.  *See* Docket No. 1.  Given the Court's separate ability to dismiss the complaint pursuant
     to the authority cited above, however, the Court need not proceed through the process of allowing
27   time to pay the filing fee or to file an application to proceed *in forma pauperis*.  The Court
     **ADMONISHES** Plaintiff for continuing to engage in improper litigation tactics despite an order
28   cautioning him against this very behavior.

                                                     1

complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).[2]

Plaintiff sues, among other defendants, the Social Security Administration on the grounds that taxpayer money is being improperly used to pay for mental health programs.  *See* Docket No. 1 at 1-2.  In particular, Plaintiff alleges that procedures and treatments in the State's mental health facilities are designed to increase the costs that are paid by the Social Security Administration. *See, e.g.*, *id.* at 2 ("they Drag their feet to Embezel [sic] Federal Funding").[3]  Based on this alleged scheme to defraud the federal government, Plaintiff's seeks $500,000,000,000 in damages for himself and others similarly situated.  *See id.* at 1.

The complaint is frivolous and delusional, and does not state a claim upon which relief can be granted.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** with prejudice.

Dated: September 27, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file

---

[2] Courts have a duty to construe *pro se* filings liberally.  *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013).

[3] The complaint at times veers off course, including appearing to allege a larger conspiracy among judges, attorneys, and others who are allegedly engaging in a crime by denying bail and requiring mental health treatment.  *See* Docket No. 1 at 4.  Similar allegations have elsewhere been dismissed as frivolous and delusional.  *See Allison*, 2021 U.S. Dist. Lexis 154723, at *1-2, *adopted*, 2021 U.S. Dist. Lexis 152671 (D. Nev. Aug. 12, 2021).

a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).